UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
**CENTRAL DIVISION at LEXINGTON**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
|     Plaintiff-Respondent, | ) | Case No. |
| | ) | 5:15-CR-107-JMH |
| v. | ) | |
| | ) | **MEMORANDUM ORDER** |
| BRIAN K. SHELTON, | ) | **AND OPINION** |
| | ) | |
|     Defendant-Petitioner. | ) | |
| | ) | |

\*\*\*

This matter is before the Court on Defendant Brian Shelton's motion for early release from prison. [DE 120]. Specifically, Shelton requests compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A). For the reasons stated below, Shelton's motion will be **denied**.

## I. BACKGROUND

On July 18, 2017, this Court sentence Shelton to a total of 151 months imprisonment after pleading guilty to one count of distribution of methamphetamine in violation of 21 U.S.C. 841(a)(1), and solicitation to commit murder in violation of 18 U.S.C. § 373(a).[DE 109]. Shelton is currently incarcerated at FCI Ashland in Ashland, Kentucky.

On August 23, 2020, Shelton submitted a partial request for compassionate release. However, on September 14, 2020, the Reduction in Sentence ("RIS") coordinator responded, explaining

that Shelton's request failed to provide all of the required documentation. [DE 125-1].

Following this, Shelton filed the present motion seeking compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) on the grounds that his medical conditions place him at a heightened risk of serious complications or death from COVID-19. [DE 120].

## II. DISCUSSION

Prior to 2018, only the Bureau of Prisons ("BOP") could move a district court for the compassionate release of a federal prisoner under § 3582(c)(1)(A). But on December 21, 2018, the First Step Act amended § 3582(c)(1)(A) to allow district courts to grant a motion for compassionate release filed by the defendant himself, provided that the defendant has first "fully exhausted all administrative rights to appeal a failure of Bureau of Prisons to bring a motion on the Defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier . . . ." 18 U.S.C. § 3582(c)(1)(A). Although not a jurisdictional question, the occurrence of one of the two events mentioned in the statute is a "mandatory condition" to the Court granting relief. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020). As such, if the government "properly invoke[s]" the condition, the Court must enforce it. *Id*. at 834.

Here, the United States contends that Shelton failed to comply with the administrative requirements under Program Statement

2

5050.50. Specifically, the United States explains that in order to fully comply and properly request compassionate release, petitioners must "state the circumstances for the request, propose a release plan, [explain] how you will support yourself, where you will acquire medical treatment and how you will pay for treatment." [DE 125 at 2].

Within thirty days of his request for compassionate release, the RIS coordinator informed Shelton that he had not given the criteria for which he was applying or did not provide all of the require documentation. There is no indication that Shelton resubmitted his request or remedied it by providing the missing documentation or information. The Sixth Circuit has held that prisoners must follow the procedural requirements before submitting a motion to a federal Court. *United States v. Alam*, 960 F.3d 831, 833 (6th Cir. 2020) ("Even though this exhaustion requirement does not implicate our subject-matter jurisdiction, it remains a mandatory condition."). As a consequence, Shelton's failure to comply with the requirements and file a proper request prevents this Court from considering the merits of Shelton's compassionate release request.

Shelton has also requested the appointment of counsel. [DE 120 at 5]. Federal statutes outline certain situations where counsel shall be appointed for indigent Defendants but motions for reduction of sentence are not included. *See* 18 U.S.C. §

3006A(a)(1); *see also In re Appointment of Counsel and Motions for Relief Under the First Step Act of 2018*, General Order 2019-5 (E.D. Ky. Mar. 28, 2019) ("Appointment of counsel is not required [in motions for reduction under the First Step Act]."); *United States v. Curry*, No. 6:06-082-DCR, 2019 WL 508067, at *2 (E.D. Ky. Feb. 8, 2019). Although the Court has discretion on whether to appoint counsel, Shelton has not demonstrated a basis for the appointment of counsel. There are no exceptional circumstances alleged in Shelton's motion to warrant appointment of counsel, nor is there an indication of how it would provide meaningful assistance to the Defendant. *See, e.g., United States v. Harvey*, No. 3:18-CR-8-TAV-DCP-6, 2020 WL 4352740 (E.D. Tenn. July 29, 2020).

### III. CONCLUSION

Accordingly, **IT IS ORDERED** as follows:

(1) The Court's Order [DE 129] is hereby **VACATED**; and

(2) Defendant Shelton's motion for compassionate release pursuant to 18 U.S.C. § 3582(c)(1)(A) [DE 120] is **DENIED WITHOUT PREJUDICE** for failure to exhaust.

This the 13th day of July, 2021.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge